United States District Court
Southern District of Texas
**ENTERED**
July 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALLACE SANTOS DE JESUS, | § § | CIVIL ACTION NUMBER 4:26-cv-05039 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RAYMOND THOMPSON, | § | |
| *et al*, | § | |
| Respondents. | § | |

## ORDER ON DISMISSAL

Petitioner Wallace Santos De Jesus filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 25, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b)(2)(A), after having been previously released on his own recognizance pursuant to §1226(a), violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act. Id at ¶¶2, 26–53; see also Dkt 1-4 (order of release on recognizance).

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 5 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending is a motion by the Government for summary judgment. Dkt 6. It maintains that Petitioner is subject to mandatory detention under §1225(b)(2)(A). Id at 2. It

attaches to the motion a notice to appear issued to Petitioner, which indicates that he is "an alien present in the United States who has not been admitted or paroled." Dkt 6-1 at 2. The Government further notes that Petitioner states that he was taken into custody "on or about June 7, 2026," meaning that he has been detained for fewer than ninety days. Dkt 6 at 3, quoting Dkt 1 at ¶2. It thus argues that present detention comports with due process even under recent panel decision by the Fifth Circuit in *Sosnava Rodriguez v Ortega*. Dkt 6 at 2–3, citing 2026 WL 1906557, *16 (5th Cir).

Petitioner on reply argues that the Government fails to present evidence showing that his re-detention following earlier release comports with due process. See Dkt 7 at 2–3. He contends that prior decisions by the undersigned cited in the order to show cause don't resolve the lawfulness of his detention. Id at 3–4. And he points to other decisions by the undersigned granting relief when the Government has failed to establish the propriety of detention. Dkt 7 at 5–6, citing *Le v Bondi*, 4:25-cv-06180 (SD Tex, Jan 21, 2026); *Iqbal v McBride*, 2025 WL 4634563 (SD Tex); *Sachchithananthan-Pakeerathan v Dickey*, 4:25-cv-05660 (SD Tex, Jan 19, 2026); *Pacheco Lara v Noem*, 4:26-cv-01074 (SD Tex, Feb 24, 2026); and *Perez de Rondon v Noem*, 4:26-cv-00188 (SD Tex, Jan 21, 2026).

As noted in prior order, the Fifth Circuit issued a controlling decision with respect to the lawfulness of mandatory detention in this context under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026).

On July 2, 2026, the Fifth Circuit issued a decision with respect to the constitutionality of detention under 8 USC §1225(b)(2)(A). See *Sosnava Rodriguez*, 2026 WL 1906557. With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16.

On July 10, 2026, that decision was then vacated pending rehearing *en banc*. See *Sosnava Rodriguez v Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that it is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- o *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

- o *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that prior release on supervision under §1226(a) doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without individualized custody determination.

- o *Diakite v Frink*, 2026 WL 1999868 (SD Tex): Holding that revocation of prior release under §1226(a) doesn't require a showing of materially changed circumstances, given that §1226(b) permits such revocation "at any time," and §1226(e) limits judicial review of such determinations.

Petitioner contends on reply that neither *Marcelo-Aguila* nor *Diakite* resolve the claims presented in the petition. Dkt 7 at 3–4. But the petition proceeds on argument that his re-detention without any "notice, explanation of his prior release, or any individualized

assessment of whether detention was necessary" violated due process. Dkt 1 at ¶31. *Marcelo-Aguila* explicitly rejected a due process claim raising the same question of whether the Government may revoke "previously granted release on supervision without first providing an individualized process." See 2026 WL 936337 at *1. And *Diakite* noted that such release may be revoked "at any time" and that decisions regarding revocation are insulated from judicial review. 2026 WL 1999868 at *2, citing 8 USC §§1226(b), (e). As such, these decisions reject the arguments presented here as to whether the Government was required by the Constitutional or federal law to make an individualized determination prior to revocation of Petitioner's release.

Petitioner also argues that the Government failed to provide evidence in response to the prior show cause order, and that this failure merits release under other prior decisions by the undersigned. See Dkt 7 at 3–4. But the referenced order only required the Government to submit a filing that "establishes the propriety of Petitioner's continued detention." Dkt 5 at 2. It nowhere required the Government to make any specific evidentiary showing in that regard.

The decisions cited by Petitioner granted relief in specific contexts, for instance, following failure by the Government to respond to a show cause order or to provide evidence regarding likelihood of removal under the framework set out in *Zadvydas*, 533 US at 701, as to post-final-removal-order detention. See *Iqbal*, 2025 WL 4634563 at *2 (*Zadvydas* framework); *Sachchithananthan-Pakeerathan*, 4:25-cv-05660 (SD Tex, Jan 19, 2026) (same); *Le*, 4:25-cv-06180 (SD Tex, Jan 21, 2026) (failure to respond); *Perez de Rondon*, 4:26-cv-00188 (SD Tex, Jan 21, 2026) (same); *Pacheco Lara*, 4:26-cv-01074 (SD Tex, Feb 24, 2026) (same). Such circumstance don't apply here given that the Government has responded, and Petitioner challenges pre-final-removal-order detention.

The motion for summary judgment establishes that Petitioner is an applicant for admission subject to

4

mandatory detention under §1225(b)(2)(A). Petitioner's detention otherwise comports with due process for reasons stated above.

Beyond this, it is noted that Petitioner's detention hasn't yet exceeded ninety days. His detention at present thus comports with due process, even as framed by the panel decision in *Sosnava Rodriguez*. See 2026 WL 1906557 at *16.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

*   *   *

The motion by the Government for summary judgment is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Wallace Santos De Jesus is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

Petitioner is ADVISED to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. He may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

A final judgment will enter separately.

SO ORDERED.

Signed on ___July 17, 2026___ , at Houston, Texas.


_____
Honorable Charles Eskridge
United States District Judge

5